# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-835-AMG |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

James Wilson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 16, 17), and the parties have fully briefed the issues. (Docs. 24, 31).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 20, 21). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.  **Procedural History**

Plaintiff filed his application for DIB on April 12, 2016, alleging a disability onset date of May 16, 2015. (AR, at 95, 228). The SSA denied the application initially and on reconsideration. (*Id*. at 122-26, 132-38). Then an administrative hearing was held on February 9, 2018. (*Id*. at 41-94). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 7-26). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

Plaintiff then filed a complaint with the U.S. District Court for the Western District of Oklahoma, and United States District Judge Stephen P. Friot reversed and remanded the matter to the Commissioner for further administrative proceedings. (AR, at 2486-95, Magistrate Judge's Report and Recommendation; *id*. at 1296-97, District Court Order adopting Report and Recommendation in its entirety). The Court found that the ALJ did not properly consider Plaintiff's depression and directed that

> [o]n remand the ALJ should apply the special technique and clarify whether Plaintiff has any mental limitations that affect what he can do in a work setting. The ALJ should also properly consider the medical evidence related to Plaintiff's depression.

(AR, at 2493).

Another administrative hearing was held, and the ALJ issued a second opinion on April 21, 2020 – again finding Plaintiff was not disabled. (*Id*. at 2426-2465; 2392-2425).

2

The ALJ's decision became final after Plaintiff did not file exceptions, and the Appeals Council did not assume jurisdiction. (*Id*. at 2392-94). 20 C.F.R § 404.984(d).

## II.     The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity from May 16, 2015, the alleged onset date, to March 31, 2018, the date his insured status expired. (AR, at 2400). At Step Two, the ALJ found that Plaintiff had the following severe impairments:

> spine disorder (degenerative disc disease of the spine with paralysis of sciatic nerves status-post 2012 and August 2016 surgical corrections); ischemic heart disease (status-post 2009 single vessel bypass procedure and July 2015 re-do of single vessel bypass procedure and aortic valve replacement); diabetes mellitus; obesity (body mass index ["BMI"] 32 through 34); essential hypertension; sleep apnea syndrome; migraine headaches; **depression**; and chronic obstructive pulmonary disease ("COPD").

(*Id*.) (emphasis added). At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 2401). The ALJ then determined that Plaintiff had the RFC

> to perform light exertion work as defined in 20 CFR 404.1567(b), except the claimant had to avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. Mentally, the claimant had a "mild" limitation (the Commissioner of the Social Security Administration defines a "mild" limitation as "functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited" [Social Security Administration Medical Source Statement of the Ability to do Work-Related Activities (Mental), Form HA-1152)(01-2017]) in the abilities to understand and remember simple instructions; carry out simple instructions; make judgments on simple work-related decisions; understand and remember complex instructions; carry out complex instructions; and make judgments on complex work-related decisions. The claimant had a "**moderate limitation** (the Commissioner of the Social Security Administration defines a "moderate" limitation as "functioning in this area independently, appropriately, effectively, and on sustained basis is fair" [Social Security

3

> Administration Medical Source Statement of the Ability to do Work-Related Activities (Mental), Form HA-1152)(01-2017]) **in the ability to interact appropriately with the public. The claimant could occasionally interact with the public.** The claimant had a "mild" limitation (as defined above) in the abilities to interact with co-workers and supervisors. The claimant's ability to respond appropriately to usual work situations and to changes in a routine work setting was "moderate" (as defined above). The claimant had no other physical or mental limitations or restrictions.

(*Id*. at 2405-06) (emphasis added). Then, at Step Four, the ALJ chose to make no findings regarding Plaintiff's past relevant work, instead relying on the SSA's expedited process. (AR, at 2417-18). At Step Five, the ALJ found when "considering claimant's age, education, work experience, and residual functional capacity," there are jobs that exist in significant numbers in the national economy that the claimant can perform, such as a collator operator, production assembler, or route clerk. (*Id*. at 2418-19). Thus, the ALJ – for a second time – found that Plaintiff had not been under a disability from May 16, 2015, to March 31, 2018. (*Id*. at 2419).

### III. Claims Presented for Judicial Review

Plaintiff presents only one narrow issue – his allegation that on remand the ALJ "minimized [Plaintiff]'s depression in his special technique analysis, despite this Court's order to consider it properly." (Doc. 24, at 4). Specifically, Plaintiff alleges that "the ALJ's moderate finding in [Plaintiff]'s ability to interact with others is improper and unsupported by substantial evidence." (*Id*. at 5). Plaintiff argues that "substantial evidence indicates that [his] ability to interact with others should have been rated extreme," which would have warranted a finding of disabled. (*Id*.)

The Commissioner contends that the ALJ's decision is legally sound and supported by substantial evidence, having "adequately addressed the issues identified in the Court's 2019 remand order." (Doc. 31, at 5).

## IV. The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th

5

Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

6

evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**V.     On Remand, the ALJ Properly Considered Plaintiff's Depression.**

In its remand order, the Court explained that the ALJ erred by failing to utilize the "special technique" set forth in 20 C.F.R. § 404.1520a to determine the severity of a claimant's mental impairments. (AR, at 2491). The Court also found error in the ALJ's failure to discuss the medical records reflecting that Plaintiff sought treatment for depression; that Plaintiff's medical provider diagnosed him with major depressive disorder and prescribed him mental health medication; and that Plaintiff later sought and obtained an increased dosage of that medication when his symptoms were not subsiding. (*Id.* at

2493). The Court observed that instead the ALJ chose to rely solely on Plaintiff's "normal mental status examinations" and "persistent denials" about experiencing depression, anxiety, or other psychiatric symptoms. (*Id.*)

Under the special technique, the ALJ first determines whether the claimant has a medically determinable mental health impairment. 20 C.F.R. § 404.1520a(b)(1). The Court specifically found that "[h]ere it is clear that Plaintiff's depression constitutes a medically determinable impairment." (AR, at 2492). The ALJ must next rate the degree of functional limitation caused by the impairment in four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(b), (c). These four functional areas are rated by degree on the following five-point scale: none, mild, moderate, marked, and extreme. *Id.* § 404.1520a(c)(4). "Extreme" "represents a degree of limitation that is incompatible with the ability to do any gainful activity." *Id.*

Plaintiff does not dispute that on remand the ALJ found that Plaintiff's depression was a severe impairment and that he applied the special technique. (*See* Doc. 24, at 5); (*see* AR, at 2400, 2403-05). Plaintiff correctly observes that "the ALJ found the following in assessing the special technique: mild limitation in understanding, remembering or applying information; moderate limitation in interacting with others; mild limitation in concentrating, persisting or maintaining pace; and a mild limitation in adapting or managing oneself." (*Id.*) But Plaintiff argues that given the record evidence, the ALJ should have rated Plaintiff's limitation in his ability to interact with others as extreme. (Doc. 24, at 5).

However, the ALJ followed the Court's remand order and considered and discussed the record evidence relating to Plaintiff's depression, including all of the evidence highlighted by the Court's order. (*Compare* AR, at 2398-99, 2406-08, *with* AR, at 2489-91). The ALJ weighed the evidence and also considered the medical opinions of psychologist and impartial medical expert Dr. Robert Borda, who testified regarding Plaintiff's work-related functional limitations. (AR, at 2403-05; 2415-16). The ALJ found Dr. Borda's opinions to be "well-supported by the evidence" and gave them "great weight," including the opinion that Plaintiff had a moderate limitation in interacting with others. (AR, at 2403; 2404). In addition to considering Dr. Borda's opinion, the ALJ stated:

> In interacting with others, the claimant had a moderate limitation. The claimant was able to maintain meaningful relationships with family and friends. The claimant interacted well with medical providers and staff. Upon serial examinations, the claimant maintained appropriate eye contact and demeanor without evidence of discomfort secondary to psychologically based symptoms. At the hearing held on February 8, 2018, the claimant testified that he drove himself to his disability hearing and also testified that he got on the internet every two-to-three days for two hours, that he had a cellular telephone that he used to make and receive telephone calls and to text, and that he had a Facebook account with two-hundred Facebook friends. In his August 2016 and/or February 2017 Function Reports, the claimant reported he lived in a house alone or with family members, independently took care of his personal grooming and other personal care needs without requiring reminding, and took his medication without requiring reminding (Exhibits B4E and B7E). The claimant also reported that he prepared simple meals, performed light house cleaning, went outside daily, drove motorized vehicles unaccompanied, rode as a passenger in motorized vehicles, shopped in stores, handled funds and bank accounts, socialized with family and friends in person, via telephone and via computer, read, watched television, paid attention, finished what he started, got along with others including authority figures, and followed written directions. Each of these activities required social interaction. At appointments, the behavior was normal, his thought processes not impaired, his attention was normal, he never exhibited homicidal or suicidal ideation, and his thought content was not impaired.

9

(*Id.*)  Ultimately, after weighing conflicting evidence, the ALJ's RFC limited Plaintiff to only occasional interaction with the public – which was consistent with the ALJ's finding and Dr. Borda's opinion that Plaintiff suffered moderate limitations in interacting with others.  (*Id.* at 2437-38).

Plaintiff insists that in making a finding of only a moderate limitation, the ALJ credited evidence that has little to no bearing on his ability to interact with others, such as driving himself, using the internet or telephone daily, and maintaining a social media account with 200 "friends." (Doc. 24, at 9-11).  The Court disagrees.  While these activities fail to fully measure an individual's social capabilities, they provide useful information regarding one's ability, desire, and effort to interact with others.  Moreover, the ALJ referenced more direct indicia of interpersonal interaction such as Plaintiff's ability "to maintain meaningful relationships with family and friends," "interact[ing] well with medical providers and staff," "maintain[ing] appropriate eye contact and demeanor," "socializ[ing] with family and friends in person, via telephone and via computer," "[getting] along with others including authority figures," and normal behavior at appointments. (AR, at 2404).  Furthermore, the ALJ continued his discussion of Plaintiff's social interactions later in the decision, citing Plaintiff's "ongoing social interaction with his daughter," Plaintiff's daily outings and "coffee with 'fellow vets' three times per week to have conversations," "no problems getting along with family, friends, neighbors, or others," in addition to Plaintiff's self-reports that "he gets along well with authority figures such as police, bosses, landlords, or teachers" and that "he has never been fired or laid off from a job because of problems getting along with other people." (AR, at 2410).  *See*

*Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) ("[A]n ALJ's findings at other steps of the sequential evaluation process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment.").

As required by the Court's remand order, the ALJ applied the correct regulatory standards and reevaluated all of the record evidence concerning Plaintiff's depression. Plaintiff's complaint is that the ALJ should have weighed the evidence differently and found him extremely limited in his ability to interact with others, which would have led to a finding of disability. However, the ALJ was entitled to resolve evidentiary conflicts in the record and did so. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ's decision was supported by substantial evidence and thus, this Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted); *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). The Court, therefore, affirms the decision of the Commissioner.

**VI.   Conclusion**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 23rd day of March, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE